**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**BRANDON GROSSINGER,**
Plaintiff,

v.                                    Civil Action No. _____
JURY TRIAL DEMANDED

**ANTHROPIC PBC,**
Defendant.

# COMPLAINT FOR ADA VIOLATIONS, ACCOUNT ACCESS FAILURES, AND PRESERVATION OF EVIDENCE

Plaintiff Brandon Grossinger, proceeding pro se, alleges:

# PRELIMINARY STATEMENT

1. Plaintiff lives with documented neurological disabilities that affect cognitive processing, executive functioning, and fine-motor control. Plaintiff relies on AI tools, including Claude, as assistive technology for daily functioning, nonprofit operations, and preparation of federal litigation.
2. Plaintiff respectfully requests that the Court liberally construe this pleading consistent with standards applicable to disabled pro se litigants and permit supplemental exhibits as they become available. Plaintiff is filing under conditions of severe multi-vendor account instability, device lockouts, and medical symptom flares that have materially impaired his ability to prepare filings and preserve evidence.

# I. PARTIES

3. Plaintiff is a resident of Bucks County, Pennsylvania.
4. Defendant Anthropic PBC is an artificial intelligence company conducting business nationwide, including with Pennsylvania consumers.

# II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act and related federal law.

6. Venue is proper in the Eastern District of Pennsylvania because Plaintiff resides in this District and substantial portions of the alleged harm were experienced here.

## III. FACTUAL ALLEGATIONS

7. During the July 9, 2025 state-court hearing and related litigation, Plaintiff used Claude as assistive technology to organize evidence, draft filings, and reduce disability-related cognitive burden.
8. Plaintiff later observed that portions of prior Claude interactions, including disability-related and litigation-related material that Plaintiff expected to access, were no longer available through the account. Plaintiff seeks preservation of all records, logs, metadata, and account information sufficient to determine the status and history of those interactions.
9. In March 2026, Plaintiff upgraded and funded a Claude Team account for Bunny's Flowers, a Pennsylvania nonprofit organization. Payment was processed, but the account was later identified as cancelled for non-payment.
10. Plaintiff was billed for a fifth Team account seat that Plaintiff contends was never provisioned or used.
11. Plaintiff submitted disability-related support requests, including requests concerning accessibility, data access, account restoration, preservation of information, and billing clarification. Plaintiff contends that these issues remained unresolved despite those requests.
12. Plaintiff contends that account instability, loss of access to information, and billing issues materially impaired his ability to prepare legal filings, preserve evidence, and maintain continuity of nonprofit operations.

## IV. CLAIMS

13. Plaintiff relied upon Claude as assistive technology during ongoing litigation, and the loss of access to prior interactions materially impaired Plaintiff's ability to preserve and organize evidence.
14. Plaintiff contends that Defendant failed to provide effective disability-related accommodations despite multiple requests for assistance.
15. Plaintiff observed that certain prior interactions were unavailable when needed and requests preservation and production of records sufficient to determine what occurred.
16. Plaintiff contends that billing issues and account instability impaired his ability to meet deadlines and continue nonprofit operations.
17. Plaintiff respectfully requests that the Court consider the cumulative impact of Plaintiff's documented disabilities together with the account-access, billing, and continuity issues described above.

## V. EXHIBITS

Plaintiff has preserved and intends to submit supporting evidence, including:

18. Exhibit A — November 19, 2025 refund transcript.
19. Exhibit B — November 19, 2025 disability-related escalation transcript.
20. Exhibit C — April 4, 2026 initial correspondence to Anthropic Support.
21. Exhibit D — April 4, 2026 follow-up correspondence to Anthropic Legal and Executive Team.
22. Exhibit E — Screenshots and records relating to Plaintiff's inability to access prior Claude interactions.

Plaintiff respectfully requests leave to supplement additional exhibits as they become accessible.

# VI. COURT NOTE REGARDING DISABILITY

23. Due to documented neurological disabilities, medical symptom flares, and simultaneous technology and account-access issues across multiple service providers, Plaintiff has experienced substantial difficulty preserving evidence and preparing legal filings. Plaintiff respectfully requests that the Court accept this filing in its present form and permit supplementation of exhibits and supporting documentation as appropriate.

# VII. REQUEST FOR RELIEF

Plaintiff respectfully requests:

A. Appropriate injunctive relief concerning Plaintiff's nonprofit Claude Team account.

B. An order requiring preservation of relevant logs, metadata, account records, support communications, and records sufficient to identify the status and history of Plaintiff's prior interactions.

C. Appropriate relief concerning disputed billing, including review of the fifth Team seat charge.

D. Declaratory relief as permitted by law.

E. Costs and any relief available under applicable law.

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Brandon Grossinger**

**Brandon Grossinger**
Plaintiff, Pro Se
4298 Tersher Drive
Doylestown, PA 18902

Telephone: (215) 534-2451
Email: bgrossinger@gmail.com (when available)

**Date: July 2, 2026**